UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN GLAVIN,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : No. 24-cv-4904 |
| COMMONWEALTH OF<br>PENNSYLVANIA, *et al.*,<br>　　Defendants. | :<br>:<br>:<br>: |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　**September 27, 2024**
**United States District Judge**

　　Ellen Glavin has filed a civil action that she labels as being brought pursuant to 42 U.S.C. § 1983 asserting constitutional violations. Named as Defendants are the Commonwealth of Pennsylvania and the State of New Jersey. Glavin also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Glavin leave to proceed *in forma pauperis* and dismiss the case.

**I.　　FACTUAL ALLEGATIONS**[1]

　　Glavin asserts that she was cited in Pennsylvania for driving with a suspended license, had her vehicle impounded, and was later put into a pretrial intervention program resulting in a one-year term of supervised probation. (Compl. at 4.) Although she does not say when this happened, she asserts that unidentified officers involved in the vehicle stop used excessive force. (*Id*.) She also asserts that the imposition of supervised probation was disproportionate to the

---

[1] The factual allegations set forth in this Memorandum are taken from Glavin's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

nature of her offense and violated her Eighth Amendment rights.  (*Id*. at 5.)  She claims that a motion to modify her probation was denied despite her "exemplary conduct and full compliance."  (*Id*.)

On April 17, 2023, Glavin was stopped for speeding in New Jersey.  (*Id*.)  She states that she had "private plates" on the vehicle and "no updated license or registration."  (*Id*.)  Her request during the stop to see a magistrate and for authorities to "produce an injured party" were denied.  (*Id*.)  Authorities smashed her driver's side window, forcibly removed her from the vehicle, handcuffed, body searched, and arrested her.  (*Id*.)  She asserts she spent two days in two different prisons prior to being placed in a pretrial intervention program.  (*Id*. at 6.)  Glavin alleges that the New Jersey incident also involved excessive force and her sentence was disproportionate.  (*Id*.)  A subsequent motion to reduce her New Jersey penalty was also denied despite her compliance with the terms of her probation.  (*Id*.)

Glavin appears to request as relief for her claims that this Court exercise review of her state convictions now that the so-called "Chevron deference" has been overturned by the United States Supreme Court.  *See Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2273 (2024) (holding that *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) "is overruled").  Glavin asserts that § 1983 provides a mechanism by which she may do so.  (Compl. at 9.)  She seeks a de novo review of "judicial practices that have ratified police behaviors leading to constitutional violations."  (*Id*. at 10.)  She also seeks a declaration that her rights have been violated, an injunction requiring the Defendants to terminate her supervised probation, expungement of her record, and unstated compensatory damages.  (*Id*. at 11-12.)

## II. STANDARD OF REVIEW

The Court grants Glavin leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, No. 22-2846, 2024 WL 3820969 (3d Cir. Aug. 15, 2024), (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Glavin is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. Claims for Money Damages

States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State*

3

*Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Neither has the State of New Jersey. *Allen v. New Jersey State Police*, 974 F.3d 497, 505 (3d Cir. 2020) ("A state may waive its Eleventh Amendment immunity, thereby permitting suit against it in federal court. . . New Jersey has not done so.") Accordingly, the claims for money damages Glavin seeks to assert against the Commonwealth of Pennsylvania and State of New Jersey must be dismissed with prejudice.

      **B.**      **Declaratory Relief**

Glavin's request for a declaration that her rights have been violated must also be dismissed. Declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."). Accordingly, any claim for declaratory relief is dismissed with prejudice.

      **C.**      **Injunctive Relief**

Glavin seeks injunctive relief in the form of an order terminating her supervised probation, *de novo* review of "judicial practices that have ratified police behaviors leading to

4

constitutional violations," and the expungement of her convictions. (Compl. at 10.) The Court understands Glavin to be asking that this Court review and overturn her convictions in Pennsylvania and New Jersey. This is not the type of relief that can be granted on a § 1983 claim.

When a person who has been convicted in a state court seeks to challenge either the fact of the conviction or the duration of their sentence imposed for the conviction, and the relief sought is a determination that she is entitled to immediate release or a speedier release, the sole federal remedy is a writ of *habeas corpus*. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.") This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). This holds true for summary offenses as well. *See Mina v. Hogan*, 616 F. App'x 41, 42 (3d Cir. 2015) (affirming dismissal of plaintiff's "Rule 60(b) motion" seeking to challenge his state court conviction for a summary offense because "Mina cannot challenge his state-court conviction in federal court under Rule 60(b). Any request that a federal court overturn a state-court conviction must be brought in a habeas corpus petition." (citing *Preiser*).) Glavin's request to have her criminal convictions expunged also runs afoul of *Preiser*. *See*

*Knight v. Crocker*, No. 13-15, 2013 WL 3561187, at *5 (W.D. Ky. July 11, 2013) ("[S]hould any expungement necessarily imply the invalidity of [plaintiff's] current confinement or its duration, § 1983 relief is unavailable.  Consequently, Plaintiff's claims for equitable relief relating to release and expungement under § 1983 will be dismissed."); *Dupin v. Taylor*, No. 23-286, 2023 WL 6979602, at *3 (W.D. Ky. Oct. 23, 2023) ("Because expungement would invalidate Plaintiff's conviction, he cannot seek for such relief under § 1983."); *see also Johnson v. Valdez*, No. 13-2173, 2013 WL 5489957, at *2 (N.D. Tex. Oct. 1, 2013) ("Expungement is not the type of relief available under § 1983, because the right to expunge state records is not a federal constitutional right." (citing *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir.1989))); *Duke v. White*, 616 F.2d 955, 956 (6th Cir.1980).

Accordingly, Glavin's claims seeking an order terminating her supervised probation, *de novo* review of those convictions, or the expungement of her convictions and probationary sentences will be dismissed.  *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim.  Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").

## IV.   CONCLUSION

For the reasons stated, Glavin's claims will be dismissed.  Her claims against the Commonwealth of Pennsylvania and State of New Jersey for money damages, and her claim for declaratory relief will be dismissed with prejudice since any attempt to amend those claims would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Her claim for injunctive relief will be dismissed without prejudice to her reasserting those claims in newly filed habeas corpus petitions in each State where she suffered a conviction.  Glavin is

6

advised, however, that in order to seek habeas corpus relief in a federal court she must first exhaust all available remedies under state law. To the extent that Glavin seeks to raise excessive force claims against specific law enforcement officers involved with her arrest in Pennsylvania, she may file an amended complaint in this case to raise those claims. However, any excessive force claim involving her New Jersey arrest, must be brought, if at all, in an appropriate court in New Jersey. An appropriate Order will be entered separately with additional information on amendment.

                              **BY THE COURT:**

                              */s/ Joseph F. Leeson, Jr.*
                              **JOSEPH F. LEESON, JR.**
                              **United States District Judge**