UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELLEN GLAVIN,**       : | |
|     **Plaintiff,**       : | |
|                     : | |
| **v.**          : | **No. 24-cv-4904** |
|                     : | |
| **COMMONWEALTH OF**    : | |
| **PENNSYLVANIA,** *et al.***,** : | |
|     **Defendants.**       : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                        **March 31, 2025**
**United States District Judge**

        In a prior Memorandum and Order, the Court dismissed the Complaint filed by Ellen Glavin brought pursuant to 42 U.S.C. § 1983 asserting constitutional violations. *Glavin v. Commonwealth of Pennsylvania*, No. 24-4904, 2024 WL 4338660 (Sept. 27, 2024). Her claims against the Commonwealth of Pennsylvania and State of New Jersey for money damages, and her claim for declaratory relief were dismissed with prejudice since any attempt to amend those claims were deemed to be futile. Her claim for injunctive relief was dismissed without prejudice to her reasserting those claims in newly filed *habeas corpus* petitions in each State in which she was convicted. To the extent that Glavin sought to raise excessive force claims against specific law enforcement officers involved with her arrest in Pennsylvania, she was granted leave to file an amended complaint in this case to raise those claims, however, she was directed to reassert any excessive force claim involving her New Jersey arrest, if at all, in an appropriate court in New Jersey. When Glavin failed to file an amended complaint within the time period permitted, the Court entered a final order of dismissal on December 23, 2024. (ECF No. 8.)

On February 27, 2025, Glavin filed an untimely Amended Complaint (ECF No. 9) that largely ignored the Court's directives. Nonetheless, because Glavin is proceeding *pro se* the Court will vacate the final order of dismissal.[1] On statutory screening the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.   **FACTUAL ALLEGATIONS**

In her original Complaint Glavin asserted that she was cited in Pennsylvania for driving with a suspended license, had her vehicle impounded, and was later put into a pretrial intervention program resulting in a one-year term of supervised probation. (Compl. at 4.) Although she did not say when this happened, she asserted that unidentified officers involved in the vehicle stop used excessive force. (*Id.*) She also asserted that the imposition of supervised probation was disproportionate to the nature of her offense and violated her Eighth Amendment rights. (*Id*. at 5.) She claimed that a motion to modify her probation was denied despite her "exemplary conduct and full compliance." (*Id.*)

On April 17, 2023, Glavin was stopped for speeding in New Jersey. (*Id.*) She stated in the original Complaint that she had "private plates" on the vehicle and "no updated license or registration." (*Id.*) Her request during the stop to see a magistrate and for authorities to "produce an injured party" were denied. (*Id.*) Authorities smashed her driver's side window, forcibly removed her from the vehicle, handcuffed, body searched, and arrested her. (*Id.*) She asserted that she spent two days in two different prisons prior to being placed in a pretrial

---

[1] Glavin filed a "request for status update" (ECF No. 10) asserting she did not get "any updates" on her prior filing. It is possible that she did not receive the Court's prior orders or failed to understand her obligation to file a timely amended complaint. Given the preference for resolution of cases on their merits, *see Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 12 F.4th 337, 345 (3d Cir. 2021) (quoting *T Mobile Ne. LLC v. City of Wilmington*, 913 F.3d 311, 328 (3d Cir. 2019)), the Court will vacate the dismissal order.

intervention program. (*Id*. at 6.) Glavin alleged that the New Jersey incident also involved excessive force and her sentence was disproportionate. (*Id*.) A subsequent motion to reduce her New Jersey penalty was also denied despite her compliance with the terms of her probation. (*Id*.)

Glavin requested as relief for her claims that this Court exercise review of her state convictions, seeking a *de novo* review of "judicial practices that have ratified police behaviors leading to constitutional violations." (*Id*. at 10.) She also sought a declaration that her rights were violated, an injunction requiring the Defendants to terminate her supervised probation and expunge her record, and unstated compensatory damages. (*Id*. at 11-12.)

Notwithstanding the above described limited scope granted Glavin to reassert claims in an amended complaint, she again named the Commonwealth and State of New Jersey, as well as John Doe Officers 1-5 and John Doe Supervisors 1-3.[2] (Am. Compl. 3-4.) She seeks to assert claims under § 1983 "seeking judicial review and declaratory and injunctive relief for ongoing constitutional violations resulting from state court actions in Pennsylvania and New Jersey" and raises excessive force, unlawful arrest, and malicious prosecution claims. (*Id*. at 2.) With regard to the Pennsylvania arrest, the date of which she again fails to state, she claims in conclusory terms only that she was subjected to excessive force by Pennsylvania officers during a traffic stop, that the officers "unreasonably escalated force" and acted inconsistently with their training and policy provisions. (*Id*. at 4.) She claims that being placed on supervised probation violated her due process rights, caused her undue hardship, and the "goal was to insulate wrongdoing and

---

[2] Unless otherwise cited, the factual allegations set forth in this portion of the Memorandum are taken from Glavin's Amended Complaint (ECF No. 9). The Court adopts the sequential pagination assigned to all *pro se* documents by the CM/ECF docketing system.

to construe a case as facially legitimate and warranted that should have never existed." (*Id*. at 5.) With regard to the April 17, 2023 New Jersey incident, she alleges that she had a non-consensual interaction with law enforcement, was forcibly removed from her vehicle, her window was smashed, she was handcuffed and body searched, detained for two days without cause, and placed in a pre-trial intervention program. (*Id*.)

Glavin alleges a Fourth Amendment excessive force claim against John Does Officers 1-5 in their individual and official capacities but fails to differentiate the actions of any particular unknown Defendant, particularly whether the John Does were involved in the Pennsylvania or the New Jersey incident, or whether the John Does were state or municipal officials. (*Id*. at 5-6.) She asserts false arrest and malicious prosecution claims under the Fourteenth Amendment against John Doe Officers 1-5 and Supervisors 1-3 in their individual and official capacities, asserting the Officers violated her rights based on the arrests and probationary proceedings in the two states, and the Supervisors violated her rights based on their failures to prevent and correct the violations of the Officers. (*Id*. at 6.) As part of official capacity claims and to raise a separate *Monell* claim,[3] she also alleges in conclusory fashion that municipal policies and customs encouraged or failed to prevent violations of her rights (*id*. at 6) and that the failure to train "created an unconstitutional policy, practice, and protocol adopted as standard operating procedure leading to ongoing harm to [Glavin] and others similarly situated." (*Id*. at 7.) Finally, while it is unclear how this relates to the incidents she describes, Glavin asserts a claim against all Defendants based on their failure and refusal "to adhere to fair insurance claims processing laws and requirements" because they "refused to intake the claims as insurance claims . . .

---

[3] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (holding that to state a claim for municipal liability a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation).

despite fulfilling stated triggers," failed to assign a case number or did so without informing Glavin, failed to investigate an insurance claim, and failed to make a decision to grant or deny the claim. (*Id*. 7-8.) She claim an unidentified non-defendant Insurer encourages, facilitates, or otherwise rewards this behavior. (*Id*.) For relief on her claims, Glavin again seeks a declaration that her rights were violated, and injunctive relief in the form of suppression and/or expungement of all records in Pennsylvania and New Jersey stemming from the incidents.

## II.    STANDARD OF REVIEW

Because the Court previously granted Glavin leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, No. 22-2846, 2024 WL 3820969 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Glavin is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.     DISCUSSION

#### A.     **Declaratory Relief**

The Court previously dismissed Glavin's request for a declaration that her rights have been violated because declaratory relief is unavailable to adjudicate past conduct. *Glavin*, 2024 WL 4338660, at *2 (citing *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*)). The reasserted claim in the Amended Complaint is likewise dismissed with prejudice.

#### B.     **Injunctive Relief**

Glavin seeks injunctive relief in the form of an order suppressing and/or expunging all records in Pennsylvania and New Jersey stemming from the incidents she describes. In the prior Memorandum the Court dismissed her requests for (1) injunctive relief in the form of an order terminating her supervised probation, (2) *de novo* review of "judicial practices that have ratified police behaviors leading to constitutional violations," and (3) the expungement of her convictions, holding that she could not obtain this relief in a § 1983 action. *Glavin*, 2024 WL 4338660, at *2-3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that where a civil rights plaintiff challenges either the fact of the conviction or the duration of their sentence imposed for the conviction, and the relief sought is a determination that the plaintiff is entitled to immediate release or a speedier release, the sole federal remedy is a writ of *habeas corpus*); *Knight v. Crocker*, No. 13-15, 2013 WL 3561187, at *5 (W.D. Ky. July 11, 2013) ("[S]hould any expungement necessarily imply the invalidity of [plaintiff's] current confinement or its duration, § 1983 relief is unavailable. Consequently, Plaintiff's claims for equitable relief relating to release and expungement under § 1983 will be dismissed."); *Dupin v. Taylor*, No. 23-286, 2023 WL 6979602, at *3 (W.D. Ky. Oct. 23, 2023) ("Because expungement would invalidate Plaintiff's conviction, he cannot seek for such relief under § 1983."); *see also Johnson v. Valdez*,

6

No. 13-2173, 2013 WL 5489957, at *2 (N.D. Tex. Oct. 1, 2013) ("Expungement is not the type of relief available under § 1983, because the right to expunge state records is not a federal constitutional right." (citing *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir.1989))); *Duke v. White*, 616 F.2d 955, 956 (6th Cir.1980)).

Glavin's request for injunctive relief in the Amended Complaint is equally defective. Her request to have this Court suppress and/or expunge of all records in Pennsylvania and New Jersey stemming from the incidents is substantively identical to her original request to expunge her convictions and is also dismissed.

## IV. CONCLUSION

For the reasons stated, Glavin's Amended Complaint will be dismissed without prejudice to her seeking *habeas* relief if appropriate. She will not be given further leave to amend in this case because amendment would be futile. A dismissal order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**